**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Jenna L. Gavenman (State Bar No. 348510)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: jgavenman@bursor.com
         jglatt@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO GARCIA, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | <u>JURY TRIAL DEMANDED</u> |
| TDBBS, LLC d/b/a BARKWORTHIES, | |
| Defendant. | |

Plaintiff Leonardo Garcia ("Plaintiff") brings this action on behalf of himself and all others similarly situated against TDBBS, LLC d/b/a Barkworthies ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. Plaintiff brings this class action lawsuit on behalf of himself and other similarly situated consumers who purchased Defendant's Odor Free Bully Sticks (the "Product")[1] and all substantially similar bully sticks, which purport to be "odor free."

2. Unfortunately for consumers, however, despite the brand's express claims, the Product is not "odor free." In fact, the Product emits a strong and offensive odor when chewed by dogs.

3. Accordingly, Plaintiff brings claims against Defendant for (1) violation of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (3) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (4) Breach of Express Warranty; and (5) Unjust Enrichment.

**PARTIES**

4. Plaintiff Leonardo Garcia is a citizen of California residing in Petaluma, California. In December 2023, Plaintiff purchased the Barkworthies Odor Free Small Dog Bully Sticks from a Petco store in Petaluma, California. Prior to his purchase, Plaintiff reviewed the Product's packaging and marketing claims, and understood those representations and warranties to mean that the Product was odor free. Plaintiff purchased the Product because it was advertised as odor free. Plaintiff would not have purchased it, or would not have purchased it on the same terms, had he known that the Product would produce a strong and offensive odor when his dog chewed on it.

---

[1] Discovery may reveal that additional of Defendant's products are within the scope of this Complaint. Accordingly, Plaintiff reserves the right to include additional items identified through the course of discovery.

5. Plaintiff remains interested in purchasing bully sticks from Defendant that are actually odor free. However, due to Defendant's deceptive marketing, he is unable to determine if the Product is actually odor free. As long as the Product is labeled as odor free when it is not, Plaintiff will be unable to make informed decisions about whether to purchase Defendant's Product and will be unable to effectively evaluate the different prices between Defendant's Product and competitors' products. He is likely to be repeatedly misled by Defendant's conduct unless and until Defendant is compelled to ensure that its marketing is accurate, non-misleading, and its Product odor free. Plaintiff would like to purchase the Product again in the future. But, as stated above, had he known the true nature of the Product, Plaintiff would have paid substantially less for it, if anything at all.

6. Defendant TDBBS, LLC d/b/a Barkworthies is a dog food and chew toy manufacturer with its principal place of business in Richmond, Virginia. Barkworthies advertises and sells products throughout California and the United States online through its website, third-party websites, and brick and mortar retail chains like Petco.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act ("CAFA"), because at least one member of the Class is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California, including in this District, and purposefully avails itself to the benefits of this District by selling its Products in this District. In addition, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

9. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial portion of the events, omission, and acts giving rise to the claims herein occurred in this District.

**FACTUAL ALLEGATIONS**

I.   **BACKGROUND INFORMATION**

10. Defendant Barkworthies is a leading manufacturer of treats and chew products for dogs. These include bully sticks of various thicknesses, flavors, hardness, and odors.

11. Defendant's products are widely sold. Consumers can purchase Defendant's products online through major retailers like Amazon, throughout the country at large retailers like Petco, and smaller mom-and-pop shops.

12. Among its products are Defendant's odor-free bully sticks. Bully sticks are "a single-ingredient dog chew that is made from high-protein [usually] beef muscle." Bully sticks provide dental care, are good sources of protein,[2] and help sate a dog's need to chew. Dogs of all breeds can chew bully sticks.

13. Bully sticks are known for emitting offensive odors when a dog chews them. As a result, there is growing demand for "odor-free" bully sticks as an alternative to traditional bully sticks. The odor a bully stick emits is dependent on its production. "Hanging the bully sticks vertically removes most of the moisture from the product. The longer that they are dried, the less odor they have. … The difference in how they are made is that the odor-free bully sticks are dried longer, lessening the moisture in them."[3] Defendant is one such company seeking to capitalize on growing consumer demand for odor-free bully stick products.

14. Defendant's odor free bully sticks are sold in five variations: Odor-Free Standard Bully Sticks, Odor-Free Double Cut Bully Sticks, Odor-Free Jumbo Bully Sticks, Odor-Free Monster Bully Sticks, and Odor-Free Cane Bully Sticks. Each is sized differently to accommodate different sized dogs and their chewing strength. Though each product is sized differently, each version is sold with the same odor free claims, from the same manufacturer, and with the same purported benefits: "odor-free," "easily digestible," and made with the same "single ingredient."

---

[2] AKC Staff, *Everything to Know About Bully Sticks As Treats For Dogs*, Am. Kennel Club (May 24, 2024) *available* https://www.akc.org/expert-advice/health/bully-sticks-for-dogs/.

[3] Best Bully Sticks, *How Are Bully Sticks Made?* Available https://www.bestbullysticks.com/pages/how-are-bully-sticks-made.



15. Defendant sells its Odor Free Bully sticks in three sizes: 4 inches, 6 inches, or 12 inches. Each is packaged with the same, prominent front-and-back Odor Free representations and packaging:

  

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                      4

16. Accordingly, each version is substantially similar to that which Plaintiff purchased.

## II. DEFENDANT MAKES FALSE AND MISLEADING CLAIMS ABOUT ITS PRODUCT ON THE LABEL

17. The Product label expressly states that the bully sticks are "odor free" on the front and back of the packing. As shown below, this affirmative representation and warranty is prominent and attention-grabbing as it takes up most of the lower-third of the front of the package and again, prominently on the back.



18. Defendant doubles-down on these representations online. In describing its Product as "A Class Above The Rest," Defendant brags that its bully sticks "are odor-free for a premium chewing experience."

![A Class Above The Rest - Barkworthies Odor-Free Bully Sticks are available in a variety of sizes, suitable for every dog's chewing needs. Our bully sticks are odor-free for a premium chewing experience.]

19. Further, Defendant differentiates its Product from those "odor offensive products" its competitors make:

![Competitor Treats and Chews: Odor offensive products; Likely to contain artificial preservatives, chemicals or filler ingre[dients]; Limited product offering; The same tired, over-used formulas]

20. Defendant repeats similar false claims on Amazon:

![Odor Free and Long Lasting - We made a treat that your dog will love, and you won't have to smell. While our bully sticks are odor-free, they're packed with all-natural beef flavor your dog will love. Your dog will also love how long these chews last. Our Odor Free Bully Sticks are a medium strength chew which means they will satisfy small to large dogs need to chew. (Of course, how long the chew lasts will vary depending on your dog's breed and enthusiasm.)]

21. These representations are repeated across all Defendant's sales channels. Unfortunately for consumers seeking odor-free bully sticks, Defendant's deceptive advertising is evidenced by scores of conusmer complaints that Defendant's affirmative representations and warranties about the "odor-free" representations are false:

> **ottawatalks**
>
> ★☆☆☆☆ **They are NOT odor free as advertised! They still have a very strong odor.**
> Reviewed in Canada on October 25, 2021
> Size: 1 Count (Pack of 3) | Verified Purchase
>
> This packaging is false advertising. These are not odor free as advertised! They have an extremely pungent smell that stinks from several feet away. They smell just as bad as the normal bully sticks from the pet store. Avoid this product!!!
>
> Report

> **john**
>
> ★☆☆☆☆ This item listing is totally bogus. The these chew sticks are NOT odor free. They stink really bad.
> Reviewed in the United States on June 17, 2024
> Size: 5 Count (Pack of 1) | Verified Purchase
>
> This item listing is totally bogus. The these chew sticks are NOT odor free. They stink to high heaven. This is deceptive advertising and Amazon needs to correct this. They will not let you return the item so you get ripped off. Do your due diligence Amazon, and remove this deceptive product.
>
> 3 people found this helpful
>
> Helpful | Report

> ★☆☆☆☆
> By Jennifer on Nov 18, 2024
>
> **NOT odor free – they stink**
>
> These are marketed as odor free but they totally reek. It's such a terrible smell too. I'll be throwing these out and getting something else
>
> 👍 0                                                                 Report

22. These reviews track with Amazon's summary of consumer reviews:

> 388 customers mention "Odor"    143 positive    245 negative    ✕

23. The complaints are not limited to just Amazon. The reviews on Petco.com echo these same complaints:

> ★★★☆☆
> **Very smelly**
> GSPandMe
>
> 7 months ago
> despite saying odor free on the front they are among the most vile smelling of all bully sticks. doesn't bother my dog though
>
> ⊗ No, I do not recommend this product.
>
> Helpful?  👍 (0)  👎 (0)    Report

> ★☆☆☆☆
> **Overly smelly**
> Irishjez98
> ✓ verified purchaser
> 8 months ago
> These were unbearly smelly. They claim to be odor free, but even my kids were gagging when I opened the package. My dog liked them, probably because they snell like poo. These were actually the worst smelling bully sticks I've ever bought.
> ⊗ No, I do not recommend this product.

> ★★★☆☆
> **Horrid Smell**
> Butterfly4Becca
> 1 year ago
> My puppies love these Bullysticks. One stick each can keep them busy for two days. The Bullysticks STINK to the high heavens though. I chose the Odor Free Bullysticks for a reason and they smell horrid! I won't be purchasing the Ofor Free variety again. Our Havashu has horrible diarrhea from these sticks, too!

24. As such, no reasonable consumer searching for an odor-free alternative for their pet would understand the Product represented as being "odor-free" to mean that the Product emits a strong odor. Thus, Defendant's odor-free representation is blatant deception.

25. Although Defendant is in the best and exclusive position to know the true production and manufacture of the Product, Plaintiff satisfies the requirements of Rule 9(b) by alleging the following facts with particularity:

(a) **Who:** Defendant TDBBS, LLC d/b/a Barkworthies.

(b) **What:** Defendant's conduct here was, and continues to be, fraudulent because it affirmatively warranted that its Product is "odor-free" on its packaging and an odor-free alternative to traditional bully stick products despite scores of complaints, including from Plaintiff, that the Product emits an offensive odor when chewed by dogs. Thus, Defendant's conduct deceived Plaintiff and the members of the Classes into believing that the Product is odor-free when it is not.

(c) **When:** Defendant made material representations and omissions during the putative class period, including prior to and the time of Plaintiff's and the Class Members' purchases. Plaintiff viewed the "odor-free" packaging and advertising of the Product when he purchased it in store. These same representations were pervasive and made throughout Defendant's brick-and-mortar and online points of sale.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                        8

(d) **Where:** Defendant's marketing messages were uniform and pervasive throughout California and the United States and carried throughout material misrepresentation, warranties, and omissions on its labeling, packaging, and marketing materials.

(e) **How:** Defendant made material misrepresentations and omissions of fact regarding the Product by representing and warranting that the Product was "odor-free" when it is not. This representation formed the basis of the bargain as Plaintiff, like consumers similarly situated, bargained for, and purchased, the Product under the understanding that it was odor-free.

(f) **Why It Is False:** Defendant made material misrepresentations by affirmatively representing and warranting that its Product is "odor-free" while consumers have experienced the opposite when used as directed. Plaintiff, like other similarly situated consumers, found that the Product emitted an offensive odor typical of ordinary, non-odor-free bully sticks.

(g) **Injury:** Plaintiff and the Members of the Classes purchased, and paid a premium for, or otherwise paid more for the Product than they otherwise would have had they known the truth about Defendant's Product and had not reasonably relied on Defendant's representations and warranties.

## CLASS ALLEGATIONS

26. Plaintiff brings this matter on behalf of himself, and all similarly situated in the following Classes (collectively, the "Classes"):

*Nationwide Class*. All natural persons in the United States who purchased the Product, and all substantially similar products, within the applicable statutory period.

27. Plaintiff also seeks to represent the following Subclass:

*California Subclass*. All natural persons in the State of California who purchased the Product, and all substantially similar products, within the applicable statutory period.

28. Excluded from the Classes are: (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent have a controlling interest and its current or former employees, officers, and directors; and (3) Plaintiff's counsel and Defendant's counsel.

29. **Numerosity**. Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of people who purchased the Product who have been injured by Defendant's false and misleading representations. While the exact number of members of each Class is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery from records maintained by Defendant and its agents.

30. **Commonality and Predominance**. The questions of law and fact common to the Classes, which predominate over any questions that may affect individual class members include, but are not limited to:

   (a) Whether Defendant's Product are odor free;
   (b) Whether a reasonable consumer would understand Defendant's Product to be odor free;
   (c) Whether Defendant breached those representations and warranties;
   (d) Whether Plaintiff and the members of the Classes reasonably relied on Defendant's representations, warranties, and omissions;
   (e) Whether Defendant's conduct violated California's consumer protection statutes;
   (f) Whether Defendant's conduct amounted to violations of the common law; and
   (g) Whether a reasonable consumer would be misled by Defendant's representations.

31. **Typicality.** The claims of the named Plaintiff are typical of the claims of the members of the Classes because the named Plaintiff, like other members of the Classes, purchased the Product relying on the representations and warranties made by Defendant that the Product was "odor-free."

32. **Adequate Representation**. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation.

1   Plaintiff and his counsel are committed to vigorously prosecuting this class action. Neither
2   Plaintiff, nor his counsel, have any interest adverse to, or in conflict with, the interests of the absent
3   members of the Classes. Plaintiff is able to fairly and adequately represent the interest of the
4   Classes. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by
5   members of the Classes and will vigorously pursue those claims. If necessary, Plaintiff may seek
6   leave of this Court to amend this complaint to include additional Class Representatives to represent
7   the Classes or additional claims as may be appropriate.

8   33.  **Superiority**. A class action is superior to other available methods for the fair and
9   efficient adjudication of this controversy because individual litigation of the claims of all members
10  of the Classes is impracticable. Even if every member of the Classes could afford to pursue
11  individual litigation, the Court system could not. It would be unduly burdensome to the courts in
12  which individual litigation of numerous cases would proceed. Individualized litigation would also
13  present the potential for varying, inconsistent, or contradictory judgments, and would magnify the
14  delay and expense to all parties and to the court system, resulting in multiple trials of the same
15  factual issues. By contrast, the maintenance of this action as a class action, with respect to some or
16  all of the issues presented herein, presents fewer management difficulties, conserves the resources
17  of the parties and of the court system and protects the rights of each member of the Classes.
18  Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide
19  relief is essential to compel compliance with California's consumer protection laws.

## CAUSES OF ACTION

### COUNT I
**Violation of California's Consumers Legal Remedies Act ("CLRA")**
**California Civil Code §§ 1750, *et seq*.**
**(On Behalf of the California Subclass)**

34.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35.  Plaintiff brings this claim individually and on behalf of the California Subclass. Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods … have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have[.]"

36. Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

37. Civil Code § 1770(a)(9) prohibits "advertising goods … with intent not to sell them as advertised."

38. Defendant violated Civil Code §§1770(a)(5), (a)(7), and (a)(9) by holding out the Product as odor free when it is not.

39. Defendant made its representations to Plaintiff and the members of the California Subclass while suppressing the true nature of the Product. Specifically, Defendant advertised and labeled the Product as odor-free when in fact it emits a strong, offensive odor when chewed by dogs. As such, Defendant affirmatively misrepresented, *inter alia*, the quality and grade of the Product while continuing to advertise the goods without the intent to sell them as advertised.

40. Plaintiff and the California Subclass suffered harm as a result of the violations of the CLRA because they incurred, charged, and/or paid monies for the Product that they otherwise would not have incurred or paid.

41. On December 2, 2024, prior to filing this complaint, Defendant received a CLRA demand letter. The letter advised Defendant that it was in violation of the CLRA with respect its odor-free representation and warranties and demanded that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. The letter stated that it was sent on behalf of all other similarly situated purchasers and otherwise complied with all requirements under the CLRA.

42. Defendant failed to remedy the issues raised by the notice letter.

43. Pursuant to Civ. Code § 1780, Plaintiff and the California Subclass seek: (a) actual damages in an amount to be determined at trial; (b) an order enjoining Defendant from continuing its violative acts and practices; (c) restitution of all money and property lost by Plaintiff and the Subclass as a result of Defendant's unlawful conduct; (d) punitive damages; (e) any other relief that the Court deems proper; and (f) attorneys' costs and fees.

# COUNT II
## Violation of California's Unfair Competition Law,
## Cal. Bus. & Prof. Code §§ 17200, *et seq*.
## (On Behalf of the California Subclass)

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. Plaintiff brings this claim individually and on behalf of the California Subclass against Defendant.

46. California Business and Professions Code § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210 by engaging in unlawful, unfair, and fraudulent conduct.

47. Defendant violated the UCL's proscription against engaging in **Unlawful Business Practices** by violating the CLRA, Cal. Civ. Code §§ 1770(a)(5), (a)(7), and (a)(9), as well as by violating California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*.

48. As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of its Product is likely to deceive reasonable consumers. In addition, Defendant has committed unlawful business practices by, *inter alia*, making the representations and omissions of material facts, as set forth more fully above, thereby violating the common law.

49. Plaintiff and the California Subclasses reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.

50. Defendant also violated the UCL's prohibition against engaging in **Unfair Business Practices**. Defendant's acts, omissions, misrepresentations, practices, and non-disclosures as alleged herein also constituted "unfair" business acts and practices within the meaning of Bus. & Prof. Code §§ 17200, *et. seq.*, as the conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

51. There were reasonably available alternatives to further Defendant's legitimate business interest other than the conduct described above such as further drying its Product and testing for odor before representing and warranting that the Product was, in fact, odor-free when it

was not.  There are no legitimate business purposes served by Defendant's conduct, which caused Plaintiff and the California Subclass economic injury because they purchased a Product, the basis of the bargain for which was untrue.

52. Defendant has further violated the UCL's proscription against engaging in **Fraudulent Business Practices**.  Defendant's claims, nondisclosures, and misleading statements with respect to the Product, as more fully set forth above, were false, misleading, and/or likely to deceive the consuming public within the meaning of Bus. & Prof. Code § 17200.

53. Plaintiff and the California Subclass suffered a substantial injury by virtue of buying the Product that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and omission about the Product's tendency to emit an odor when chewed by a dog when Plaintiff and the California Subclass paid for a Product warranted as being odor-free.

54. There is no benefit to consumers or competition from deceptively marketing and omitting material facts about the true nature of the Product.

55. Plaintiff and the Classes had no way of reasonably knowing that the Product they purchased was not truthfully marketed, advertised, packaged, or labeled.  Thus, they could not have reasonably avoided the injury each of them suffered.

56. The gravity of the consequences of Defendant's conduct as described outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives that exist in the marketplace.  Such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other members of the California Subclass.

57. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the Subclass seek an order of this Court that includes, but is not limited to, requiring Defendant to (a) provide restitution to Plaintiff and other California Subclass Members; (b) disgorge all revenues obtained as a result of violations of the UCL; and (c) pay Plaintiff's attorneys' fees and costs.

**COUNT III**
**Violation of California's False Advertising Law,**
**Cal. Bus. & Prof. Code §§ 17500, *et seq.***
**(On Behalf of the California Subclass)**

58. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

59. Plaintiff brings this claim on behalf of himself and the California Subclass against Defendant.

60. Defendant's acts and practices, as described herein, have deceived and/or are likely to continue to deceive members of the California Subclass and public. As described throughout this Complaint, Defendant misrepresented the Product as odor free when it is not.

61. By its actions, Defendant disseminated uniform advertising regarding the Product across California and the U.S. The advertising was, by its very nature, unfair, deceptive, untrue, and misleading within the meaning of Cal. Bus. & Prof. Code §§ 17500, *et seq*. Such advertisements were intended to and likely did deceive the consuming public.

62. The above-described false, misleading, and deceptive advertising Defendant disseminated, and continues to have a likelihood to deceive, in that Defendant failed to disclose that the product emits a strong and offensive odor when chewed.

63. Defendant continues to misrepresent to consumers that the Product is odor free when it is not.

64. In making and disseminating these statements, Defendant knew, or should have known, its advertisements were untrue and misleading in violation of California law. Plaintiff and members of the California Subclass based their purchasing decisions on Defendant's omitted material facts. The revenue attributable to the Product sold in those false and misleading advertisements likely amounts to millions of dollars. Plaintiff and members of the California Subclass were injured in fact and lost money and property as a result.

65. The misrepresentations and non-disclosures by Defendant of the material facts described and detailed herein constitute false and misleading advertising and, therefore, constitute a violation of Cal. Bus. & Prof. Code §§ 17500, *et. seq*.

66. As a result of Defendant's wrongful conduct, Plaintiff and members of the California Subclass lost money in an amount to be proven at trial. Plaintiff and the Subclass are therefore entitled to restitution as appropriate for this cause of action.

67. Plaintiff and the California Subclass seek all monetary and non-monetary relief allowed by law, including (a) restitution of all profits stemming from Defendant's unfair, unlawful, and fraudulent business practices; (b) declaratory relief; (c) reasonable attorneys' fees and costs under California Code Civ. Proc. § 1021.5; and (e) injunctive relief, and other appropriate equitable relief.

## COUNT IV
### Breach of Express Warranty
### (On Behalf of the Nationwide Class)

68. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

69. Plaintiff brings this claim individually on behalf of himself and the Nationwide Class.

70. Plaintiff brings this claim under the laws of the State of California.

71. Plaintiff and Nationwide Class Members formed a contract with Defendant at the time Plaintiff and Nationwide Class Members purchased the Product and all substantially similar products.

72. The terms of the contract include the promises and affirmations of fact made by Defendant on the Product packaging and through marketing and advertising, as described above.

73. This labeling, marketing, and advertising constitute express warranties and became part of the basis of the bargain and are part of the standardized contract between Plaintiff and Nationwide Class Members.

74. As set forth above, Defendant purports through its advertising, labeling, marketing, and packaging, to create an express warranty that the Product is odor free.

75. Plaintiff and Nationwide Class Members performed all conditions precedent to Defendant's liability under this contract when they purchased the Product.

76. Defendant breached express warranties about the Product and its qualities because, despite Defendant's warranties that the Product is odor free, it emits a strong and offensive odor

when chewed. Thus, the Product does not conform to Defendant's affirmations and promises described above.

77. Plaintiff and each Nationwide Class Member would not have purchased the Product had they known the true nature of the Product.

78. As a result of Defendant's breach of express warranty, Plaintiff and each Nationwide Class Member suffered, and continues to suffer, financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

### COUNT V
### Unjust Enrichment
### (On Behalf of the Nationwide Class)

79. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

80. Plaintiff brings this claim under the laws of the State of California.

81. To the extent required by this law, this cause of action is alleged in the alternative to legal claims, as permitted under Fed. R. Civ. P. 8.

82. Plaintiff and members of the Nationwide Class conferred benefits on Defendant by purchasing the Product.

83. Defendant was unjustly enriched in retaining the revenues derived from Plaintiff and members of the Nationwide Class's purchases of the Product. Retention of those monies under these circumstances is unjust and inequitable because Defendant failed to disclose that the Product emits a strong and offensive odor when chewed. These omissions caused injuries to Plaintiff and members of the Nationwide Class because they would not have purchased the Product if the true facts were known.

84. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Nationwide Class is unjust and inequitable, Defendant has been unjustly enriched in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant as follows:

|   |   |   |
|---|---|---|
| a) | | For an order certifying the Classes under Fed. R. Civ. P. 23 and naming Plaintiff as representative of the Classes, and Plaintiff's Counsel as Class Counsel; |
| b) | | For an order declaring that Defendant's conduct violates the statutes referenced herein; |
| c) | | For an order finding in favor of Plaintiff and the Classes on all counts asserted herein; |
| d) | | For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury; |
| e) | | For prejudgment interest on all amounts awarded; |
| f) | | For an order of restitution and all other forms of equitable monetary relief; |
| g) | | For injunctive relief as pleaded or as the Court may deem proper; |
| h) | | For an order awarding Plaintiff and the Classes their reasonable attorneys' fees, expenses, and, and costs of suit. |

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated:  January 8, 2025                **BURSOR & FISHER, P.A**.

By:    */s/ Philip L. Fraietta*

Philip L. Fraietta (State Bar No. 354768)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Jenna L. Gavenman (State Bar No. 348510)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jgavenman@bursor.com
         jglatt@bursor.com

*Attorneys for Plaintiff*

# CLRA VENUE DECLARATION

I, Philip L. Fraietta, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court. I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff. Plaintiff Garcia resides in Petaluma, California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2. The Complaint filed in this action is filed in the proper venue for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Northern District of California, as Plaintiff Garcia's purchased the Product from a store in this District. Additionally, Defendant advertises, markets, manufacturers, sells, and distributes the Product at issue to Class Members in this District.

3. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed at New York, New York this, January 8, 2025.

                                                       */s/ Philip L. Fraietta*
                                                     Philip L. Fraietta