Ronald Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: +1 312-558-5600

Jared Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone: +1 305-910-0500

Shui Sum Lau (SBN: 345456)
SSLau@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone:  +1 213-615-1700

*Attorneys for Defendant*
*TDBBS, LLC d/b/a BARKWORTHIES*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO GARCIA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>TDBBS, LLC d/b/a BARKWORTHIES,<br><br>                    Defendant. | Case No. 3:25-cv-00299-AMO<br><br>Hon. Araceli Martínez-Olguín<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE CLASS ACTION COMPLAINT AND STRIKE NATIONWIDE CLASS ALLEGATIONS**<br><br>Hearing Date: Thursday, April 17, 2025<br>Time:  2:00 p.m.<br>Courtroom: 10<br>Complaint filed: January 8, 2025 |

## <u>NOTICE OF MOTION AND MOTION</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, April 17, 2025, at 2:00 p.m., or as soon thereafter as this matter can be heard, in the Courtroom of the Honorable Araceli Martínez-Olguín (19th Floor, Courtroom 10) of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant TDBBS, LLC d/b/a Barkworthies ("Barkworthies") will and hereby does move to dismiss Plaintiff's Class Action Complaint (the "Complaint" or "Compl.") under Federal Rule of Civil Procedure ("Rule") 12(b)(6), and moves to strike nationwide class allegations under Rule 23(d)(1)(D).

By this Motion, Barkworthies seeks an Order pursuant to Rule 12(b)(6) dismissing all causes of action in Plaintiff's Complaint against Barkworthies for failure to state a claim, and an Order pursuant to Rule 23(d)(1)(D) striking Plaintiff's nationwide class allegations.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and all pleadings, papers, and documents on file herein, and any other written or oral submissions that may be presented at or before the hearing on this Motion.

Dated: March 13, 2025          WINSTON & STRAWN LLP

By: */s/ Ronald Y. Rothstein*
Ronald Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600

Jared Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Blvd., Suite 2400
Miami, Florida 33131
Telephone: (305) 910-0500

Shui Sum Lau (SBN: 345456)
SSLau@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone:  (213) 615-1700

*Attorneys for Defendant*
*TDBBS, LLC d/b/a BARKWORTHIES*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   STATEMENT OF ISSUES TO BE DECIDED ................................................. 2

III.  STATEMENT OF RELEVANT FACTS ........................................................... 2

IV.   LEGAL STANDARD ........................................................................................ 3

V.    ARGUMENT ..................................................................................................... 4

    A.    Plaintiff Fails to Plausibly Allege Deception Underlying Each of His Causes of Action........................................................................................................... 4

    B.    Each of Plaintiff's Causes of Action Fail Because "Odor Free" Is Nonactionable Puffery. .................................................................................................... 5

    C.    Plaintiff Fails to Allege a Violation of the CLRA, UCL, or FAL Based Upon the "Odor Free" Statement. ...................................................................... 7

    D.    Plaintiff Fails to Plausibly Allege Barkworthies's Pre-Sale Knowledge to State CLRA, UCL, and FAL Claims. .................................................................. 8

    E.    Plaintiff Fails to State a UCL Claim Based on Purportedly Unfair or Unlawful Conduct. ...................................................................................................... 9

    F.    Plaintiff Fails to State a Claim Based on an Alleged Omission. ..................... 10

    G.    Plaintiff's Express Warranty Claim Fails. ..................................................... 11

    H.    Plaintiff's Unjust Enrichment Claim Fails..................................................... 11

    I.    Plaintiff Cannot Pursue Injunctive and Equitable Relief. ............................... 12

    J.    Plaintiff Pleads No Basis for Punitive Damages............................................. 13

    K.    Plaintiff Lacks Standing to Bring Claims Based on Products He Did Not Buy. .............. 14

    L.    Plaintiff's Class Allegations Should Be Stricken. .......................................... 15

VI.   CONCLUSION.................................................................................................. 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Algarin v. Maybelline, LLC*,
    300 F.R.D. 444 (S.D. Cal. 2014) ..................................................................................13

*Anunziato v. eMachines, Inc.*,
    402 F. Supp. 2d 1133 (C.D. Cal. 2005) ..........................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................3

*Belle v. Chrysler Grp., LLC*,
    2013 U.S. Dist. LEXIS 59221 (C.D. Cal. Jan. 29, 2013) ..............................................5

*Broomfield v. Craft Brew All., Inc.*,
    2017 WL 3838453 (N.D. Cal. Nov. 27, 2017) ..............................................................13

*Brown v. Madison Reed, Inc.*,
    2021 WL 3861457 (N.D. Cal. Aug. 30, 2021) ................................................................7

*Brown v. Starbucks Corp.*,
    2019 WL 996399 (S.D. Cal. Mar. 1, 2019) ....................................................................8

*Buetow v. A.L.S. Enterprises, Inc.*,
    650 F.3d 1178 (8th Cir. 2011) ........................................................................................6

*Buetow v. A.L.S. Enterprises, Inc.*,
    564 F. Supp. 2d 1038 (D. Minn. 2008) ..........................................................................6

*Buetow v. A.L.S. Enterprises, Inc.*,
    888 F. Supp. 2d 956 (D. Minn. 2012) ............................................................................6

*Carpenter v. PetSmart, Inc.*,
    441 F. Supp. 3d 1028 (S.D. Cal. 2020) ........................................................................16

*Coleman-Anacleto v. Samsung Elecs. Am., Inc.*,
    2017 WL 86033 (N.D. Cal. Jan. 10, 2017) ...............................................................8, 10

*Collyer v. Catalina Snacks Inc.*,
    712 F. Supp. 3d 1276 (N.D. Cal. 2024) (Martínez-Olguín, J.) ...............................7, 13, 15

*Cordes v. Boulder Brands USA, Inc.*,
    2018 U.S. Dist. LEXIS 217534 (C.D. Cal. Oct. 17, 2018) ..........................................13

*Dana v. Hershey Co.*,
    180 F. Supp. 3d 652 (N.D. Cal. 2016), *aff'd*, 730 F. App'x 460 (9th Cir. 2018) ........10, 11

*Davis v. The Kroger Co.*,
    2023 WL 9511156 (C.D. Cal. Sept. 22, 2023) ............................................................16

*Davis v. Universal Composition Servs., LLC*,
  2016 WL 9223871 (E.D. Va. June 10, 2016) ................................................................. 16

*Dixie Fuel Co. v. Straight Creek, LLC*,
  2011 WL 845828 (E.D. Ky. Mar. 8, 2011) .................................................................... 16

*Doe v. CVS Pharmacy, Inc.*,
  982 F.3d 1204 (9th Cir. 2020) ...................................................................................... 10

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) .......................................................................................... 7

*Eidmann v. Walgreen Co.*,
  522 F. Supp. 3d 634 (N.D. Cal. 2021) .................................................................... 10, 11

*Elson v. Black*,
  56 F.4th 1002 (5th Cir. 2023) ....................................................................................... 16

*Favell v. Univ. of S. Cal.*,
  2024 WL 751006 (C.D. Cal. Jan. 23, 2024) ................................................................... 6

*In re Ford Tailgate Litig.*,
  2014 WL 1007066 (N.D. Cal. Mar. 12, 2014) ............................................................. 12

*Fraser v. Team Health Holdings, Inc.*,
  2022 WL 971579 (N.D. Cal. Mar. 31, 2022) ............................................................... 10

*Frenzel v. AlipCom*,
  76 F. Supp. 3d 999 (N.D. Cal. 2014) .............................................................................. 3

*Gen. Tel. Co. Of Sw. v. Falcon*,
  457 U.S. 147 (1982) ...................................................................................................... 17

*Gray v. Toyota Motor Sales, U.S.A.*,
  2012 WL 313703 (C.D. Cal. Jan. 23, 2012),
  *aff'd sub nom.*, 554 F. App'x 608 (9th Cir. 2014) ......................................................... 5

*Gudgel v. Clorox Co.*,
  514 F. Supp. 3d 1177 (N.D. Cal. 2021) ..................................................................... 4, 12

*Hawkins v. Shimano N. Am. Bicycle Inc.*,
  729 F. Supp. 3d 989 (C.D. Cal. 2024) ............................................................................ 6

*Hirlinger v. WP Co. LLC*,
  2024 WL 2941630 (N.D. Cal. June 10, 2024) ................................................................ 7

*Husain v. Campbell Soup Co.*,
  2024 WL 4011959 (N.D. Cal. Sept. 2, 2024) ................................................................. 8

*Jones v. Micron Tech. Inc.*,
  400 F. Supp. 3d 897 (N.D. Cal. 2019) .......................................................................... 16

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ........................................................................................ 7

iii

*Kouball v. SeaWorld Parks & Ent., Inc.*,
    2020 WL 5408918 (S.D. Cal. Sept. 9, 2020),
    *aff'd*, 2021 WL 4947877 (9th Cir. Oct. 25, 2021) ....................................................... 11, 12

*Lee v. Nature's Path Food, Inc.*,
    2023 WL 7434963 (S.D. Cal. Nov. 9, 2023) ....................................................... 12

*Leslie v. GM LLC*,
    2024 WL 4190072 (E.D. Cal. Sep. 12, 2024) ....................................................... 9

*Loo v. Toyota Motor Sales, USA, Inc.*,
    2019 WL 7753448 (C.D. Cal. Dec. 20, 2019) ....................................................... 12, 13

*Lorentzen v. Kroger Co.*,
    532 F. Supp. 3d 901 (C.D. Cal. 2021) ....................................................... 14, 15

*Lozano v. Bowmar Nutrition LLC*,
    2021 WL 4459660 (C.D. Cal. Aug. 19, 2021) ....................................................... 14, 16

*Marrache v. Bacardi U.S.A., Inc.*,
    17 F.4th 1084 (11th Cir. 2021) ....................................................... 16

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ....................................................... 16

*McConnon v. Kroger Co.*,
    2024 WL 3941340 (C.D. Cal. June 21, 2024) ....................................................... 4, 11

*McCracken v. KSF Acquisition Corp.*,
    2022 WL 18932849 (C.D. Cal. Dec. 15, 2022) ....................................................... 14

*McGinity v. Procter & Gamble Co.*,
    69 F.4th 1093 (9th Cir. 2023) ....................................................... 3

*Millam v. Energizer Brands, LLC*,
    2022 WL 19001330 (C.D. Cal. Dec. 9, 2022),
    *aff'd*, 2024 WL 2988210 (9th Cir. June 14, 2024) ....................................................... 5

*Murray v. Elations Co.*,
    2014 WL 3849911 (S.D. Cal. Aug. 4, 2014) ....................................................... 4, 11

*Nacarino v. KSF Acquisition Corp.*,
    642 F. Supp. 3d 1074 (N.D. Cal. 2022) ....................................................... 12

*Nazemi v. Specialized Loan Servicing, LLC*,
    637 F. Supp. 3d 856 (C.D. Cal. 2022) ....................................................... 10

*Nilon v. Nat.-Immunogenics Corp.*,
    2013 WL 5462288 (S.D. Cal. Sept. 30, 2013) ....................................................... 17

*Oh v. Fresh Bellies, Inc.*,
    2024 WL 4500727 (C.D. Cal. Oct. 15, 2024) ....................................................... 14, 15

*Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*,
    96 F.3d 1151 (9th Cir. 1996) ....................................................... 11

iv

*Petkevicius v. NBTY, Inc.*,
    2017 WL 1113295 (S.D. Cal. Mar. 24, 2017) ............................................................13

*Phan v. Sargento Foods, Inc.*,
    2021 WL 2224260 (N.D. Cal. June 2, 2021) ..............................................................17

*Resnick v. Hyundai Motor Am., Inc.*,
    2017 U.S. Dist. LEXIS 67525 (C.D. Cal. Apr. 13, 2017) ........................................8, 11

*Rieckborn v. Jefferies LLC*,
    81 F. Supp. 3d 902 (N.D. Cal. 2015) ...........................................................................3

*Rojas-Lozano v. Google, Inc.*,
    159 F. Supp. 3d 1101 (N.D. Cal. 2016) .....................................................................11

*Sanders v. Apple Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ..........................................................3, 6, 11, 17

*Scheibe v. Livwell Prods., LLC*,
    2023 WL 6812550 (S.D. Cal. Oct. 16, 2023) ............................................................13

*Schroeder v. United States*,
    569 F.3d 956 (9th Cir. 2009) ......................................................................................12

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ................................................................................12, 13

*Souter v. Edgewell Pers. Care Co.*,
    542 F. Supp. 3d 1083 (S.D. Cal. 2021) ........................................................................7

*Stewart v. Electrolux Home Prods.*,
    2018 WL 1784273 (E.D. Cal. Apr. 13, 2018) ..............................................................9

*Valentine v. Crocs, Inc.*,
    2023 WL 12015530 (N.D. Cal. Apr. 28, 2023) ..........................................................15

*Viggiano v. Hansen Nat. Corp.*,
    944 F. Supp. 2d 877 (C.D. Cal. 2013) ..........................................................................6

*Whiteside v. Kimberly Clark Corp.*,
    108 F.4th 771 (9th Cir. 2024) .......................................................................................7

*Wilson v. Frito-Lay N. Am., Inc.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013) .....................................................................15

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
    313 F. Supp. 3d 1113 (N.D. Cal. 2018) .....................................................................13

*Young v. Carrier Corp.*,
    2014 WL 6617650 (N.D. Ohio Nov. 21, 2014) ..........................................................16

*Zakikhan v. Hyundai Motor Co.*,
    2021 WL 4805454 (C.D. Cal. June 28, 2021) ............................................................14

v

**Statutes**

Cal. Bus. & Prof. Code § 17204 ...........................................................................14

Cal. Bus. & Prof. Code § 17535 ...........................................................................14

Cal. Civ. Code § 1780(a) .....................................................................................14

Cal. Civ. Code § 3294 .........................................................................................13

Consumer Legal Remedies Act ........................................................................ *passim*

False Advertising Law ..................................................................................... *passim*

Unfair Competition Law ................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 9(b) .....................................................................................1, 3, 7, 9

Fed. R. Civ. P. 12(b)(6) .........................................................................................3

Fed. R. Civ. P. 12(f) ..............................................................................................3

Fed. R. Civ. P. 23(c)(1)(A) ...................................................................................3, 4

Fed. R. Civ. P. 23(d)(1)(D) ......................................................................................4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Leonardo Garcia's claims are based upon his idiosyncratic and subjective experience with Barkworthies's Odor Free Bully Sticks (the "Product") he purchased once in 2023. The Product's label, specifically its "odor free" claim, is purportedly misleading, according to Plaintiff, because the "Product produce[d] a strong and offensive odor *when his dog chewed on it*." Critically, Plaintiff does not claim the Product itself has an odor. Nor does he claim the Product's package advertises that it remains odor-free *after* dogs chew on it. Barkworthies, of course, makes no claim on its package that the Product will be forever odor-free, even after a dog salivates on it.

Plaintiff's claims rest entirely upon something impossible to quantify: his individual sense of smell. Even taking as true that Plaintiff experienced an odor *after* his dog chewed on the Product, he does not plausibly allege how this renders the "odor free" statement false or misleading. Moreover, "odor free" is textbook puffery and cannot underpin any of Plaintiff's claims. Nor does he plausibly allege reasonable consumers could be deceived by the statement and, therefore, cannot state a claim under California's Consumer Legal Remedies Act ("CLRA") (Count I), Unfair Competition Law ("UCL") (Count II), or False Advertising Law ("FAL") (Count III). His remaining claims for breach of express warranty (Count IV) and unjust enrichment (Count V) are premised on the same theory of deception and likewise fail.

Plaintiff's claims should be dismissed for a host of other reasons, too. Each claim, based upon alleged deception, fails to satisfy Rule 9(b)'s heightened pleading requirements. His CLRA, UCL, and FAL claims fail because he does not plausibly allege Barkworthies's knowledge, at the time of his purchase, that the Product had an odor. And to the extent he attempts to base any of these claims on a purported omission, he fails to identify precisely what Barkworthies omitted and does not plausibly allege any duty to disclose this unidentified information. Without those prerequisites, he likewise cannot plausibly allege reliance on, or injury from, any purported omission.

Plaintiff's express warranty claim also fails because Barkworthies has not plausibly breached any "odor free" warranty, given that the Product is not alleged to have an odor at the time Plaintiff purchased it (but only after Plaintiff's dog chewed on it). His unjust enrichment claim, sounding in equity, fails because he cannot plausibly allege that he lacks adequate remedies at law.

Many of the remedies Plaintiff requests likewise fail. He is not entitled to equitable relief, such as restitution, because he has not alleged (and cannot plausibly allege) that he lacks an adequate remedy at law. Nor is Plaintiff able to obtain an injunction, as he has not demonstrated ongoing harm, let alone any harm, that could be addressed by an injunction, and because he has been made aware of any alleged deception. His request for punitive damages should be dismissed because such damages are improperly pled under the CLRA.

Plaintiff also lacks standing to assert claims pertaining to Barkworthies products that he did not purchase. Despite alleging each of the five variations of bully sticks contain an "odor free" packaging representation, Plaintiff makes no allegation that each variation is produced in the same manner or has the same after-chewed odor effect as the Product he purchased. Instead, Plaintiff concedes that the five variations of bully sticks are each sized differently to accommodate different-sized dogs and their chewing strength and that the odor a stick allegedly produces "is dependent on its production." Therefore, even if each variation has the same "odor free" representation, determination of whether the statement is false or misleading with respect to a particular variation will necessitate unique evidence and inquiry.

Plaintiff asserts his CLRA, UCL, and FAL claims on behalf of a putative class of California consumers and brings his express warranty and unjust enrichment claims on behalf of a putative nationwide class of consumers. But the Court should strike his nationwide class allegations because he lacks standing to assert claims under the laws of states outside of California, the application of the varying laws of 50 states is unmanageable, and even on its face, the Complaint is plagued by individual issues that will predominate questions common to a class. No amount of discovery will overcome these obstacles to certification.

## II.    STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided through this Motion are whether Plaintiff's claims must be dismissed because Plaintiff has not sufficiently alleged a claim for relief under the CLRA, UCL or FAL, and whether Plaintiff's nationwide class allegations must be stricken.

## III.    STATEMENT OF RELEVANT FACTS

Plaintiff is a California resident who alleges he purchased Barkworthies Small Dog Bully Sticks from a Petco store in Petaluma, California in December 2023. Compl. ¶ 4. He purchased the Product, he

2

claims, "because it was advertised as odor free." *Id*. He alleges he viewed the Product's packaging at the store, but does not allege he viewed any representations made online. *Id*. More than a year after his purchase, Plaintiff filed this putative class action lawsuit, alleging that "the Product would produce a strong and offensive odor ***when his dog chewed on it***." *Id.* (emphasis added). Plaintiff does not allege that his dog suffered physical injury caused by the Product but rather that he "would have paid substantially less for it, if anything at all" had he known it could have an odor after his dog chewed it. *Id.* ¶ 5. On this olfactory theory of deception, Plaintiff attempts to bring claims for violations of the CLRA, UCL, and FAL individually and on behalf of a putative California subclass, and breach of express warranty and unjust enrichment claims individually and on behalf of a putative nationwide class of consumers.

## IV.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead facts creating "a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also id.* at 570 (the complaint must establish a "plausible"—not merely "conceivable"—right to relief). In determining whether a complaint states a plausible claim for relief, the Court should "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1096 (9th Cir. 2023) (same).

Moreover, where, as here, a plaintiff's claims sound in fraud, they are governed by Rule 9(b)'s heightened pleading standard. *Frenzel v. AlipCom*, 76 F. Supp. 3d 999, 1010 (N.D. Cal. 2014) (noting that violations of "the CLRA, UCL, and FAL, all sound in fraud and are thus governed by Rule 9(b)'s heightened pleading standard.") (citation omitted). Rule 9(b) requires Plaintiff to "state with particularity the circumstances constituting fraud." *Rieckborn v. Jefferies LLC*, 81 F. Supp. 3d 902, 913 (N.D. Cal. 2015). This requirement is met by alleging facts showing how, when, where, to whom, and by what means the allegedly fraudulent representations were made. *Id*.

Finally, under Rule 12(f), "[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). Indeed, Rule 23(c)(1)(A) instructs courts to determine whether a class may be certified "[a]t an early practicable time after a person sues[.]"

1  Fed. R. Civ. P. 23(c)(1)(A). Thus, the Court may "require that the pleadings be amended to eliminate

2  allegations about representation of absent persons, and that the action proceed accordingly[.]" *See* Fed. R.

3  Civ. P. 23(d)(1)(D).

4  **V.    ARGUMENT**

5       **A.    Plaintiff Fails to Plausibly Allege Deception Underlying Each of His Causes of Action.**

6       Plaintiff does not allege that the bully stick Product he bought smelled bad (or, therefore, that it is

7  not "odor free"). Indeed, nowhere in his Complaint does Plaintiff allege that Barkworthies bully sticks

8  had any scent upon opening or removal from the package. It is not until Plaintiff's dog ***chewed*** the bully

9  stick that Plaintiff allegedly encountered an odor. Compl. ¶ 4 ("the Product would produce a strong and

10 offensive odor ***when his dog chewed on it***"); *id.* ¶¶ 2, 39 ("the Product emits a strong and offensive odor

11 ***when chewed*** by dogs"); *id.* ¶¶ 25(b), 53, 62, 83 (similar) (emphases added). In other words, it was not

12 until the bully stick was salivated on, gnawed on, eaten, and/or broken down by Plaintiff's dog that

13 Plaintiff allegedly perceived an odor. Nowhere does the packaging at issue state, promise, or otherwise

14 guarantee or imply that the bully stick will remain odor-free during consumption.[1] Therefore, because

15 Plaintiff makes no allegation that the bully stick was not odor-free prior to consumption, he fails to

16 plausibly allege the "odor free" statement is false, deceptive, or otherwise misleading.

17      This alone is reason to dismiss each of his claims, which are all premised upon the "odor free"

18 statement. *See, e.g.*, *McConnon v. Kroger Co.*, 2024 WL 3941340, at *3 (C.D. Cal. June 21, 2024) (failure

19 to plausibly allege violation of UCL, FAL, and CLRA where "pleading provides insufficient detail from

20 which [d]efendant can discern how its label is allegedly misleading. Plaintiff has not adequately alleged

21 that the Avocado Oil is anything other than what it claims to be: cold-pressed avocado oil."); *Gudgel v.*

22 *Clorox Co.*, 514 F. Supp. 3d 1177, 1188 (N.D. Cal. 2021) ("plaintiff's failure to identify an actionable

23 deception in the context of the 'reasonable consumer' test [under UCL, CLRA, and FAL] also requires the

24 dismissal of her unjust enrichment claim"); *Murray v. Elations Co.*, 2014 WL 3849911, at *12 (S.D. Cal.

25

26

---

27 [1] While Plaintiff alleges that "online" (with no details as to which website and when) Barkworthies "brags
   that its bully sticks 'are odor-free for a premium chewing experience,'" nowhere does he allege that he

28 viewed any online representations prior to purchasing, and therefore any such representation could not
   have been considered or relied upon by Plaintiff. *See* Compl. ¶ 18; *see also id.* ¶¶ 4-5.

4

Aug. 4, 2014) (where "[p]laintiff has not plausibly alleged that the representations on [the] packaging are false or misleading[,] [p]laintiff has failed to plausibly plead a breach of warranty claim.").

The Complaint, at its core, is premised upon Plaintiff's alleged dissatisfaction with a Product he purchased once after perceiving a scent after his dog chewed on it. This is wholly insufficient to state a claim. *See Gray v. Toyota Motor Sales, U.S.A.*, 2012 WL 313703, at *10 (C.D. Cal. Jan. 23, 2012), *aff'd sub nom.*, 554 F. App'x 608 (9th Cir. 2014) (granting motion to dismiss fraudulent concealment and CLRA and UCL claims where "allegations suggest only that [] customers expressed dissatisfaction" and "the complaint is wholly devoid of any allegation that defendants actively concealed the information '*from Plaintiff*'"); *see also Belle v. Chrysler Grp., LLC*, 2013 U.S. Dist. LEXIS 59221, at *10-11 (C.D. Cal. Jan. 29, 2013) ("The Court agrees with th[e] general principle" that "a manufacturer's failure to meet a consumer's subjective expectations, without more, is not actionable under the CLRA or the UCL" but defect in vehicle's braking system was supported by "allegations with factual content that are objectively measurable").

Here, there are no allegations in the Complaint linking Plaintiff's uniquely personal experience to the "odor free" statement on the packaging. Plaintiff does not—nor can he—allege the Product packaging makes any claim that the Product will not emit an odor ***after*** a dog chews it. The packaging does not promise, for example, that the bully sticks will be odor-free for a specific length of time, or odor-free during and after consumption. Plaintiff cannot read words onto the Product's label simply to fit his theory of deception. *See Millam v. Energizer Brands, LLC*, 2022 WL 19001330, at *5 (C.D. Cal. Dec. 9, 2022), *aff'd*, 2024 WL 2988210 (9th Cir. June 14, 2024) (dismissing UCL, CLRA, and FAL claims because "contrary to Plaintiffs' conclusory assertions, 'basic' alkaline does not mean 'all,' 'most,' or 'competing' batteries; 'demanding devices' does not mean 'most' or 'all devices'; and 'up to' does not mean 'consistently' or 'always.' Plaintiffs' unsupported attempt to read words into the Statements renders their purported understanding unreasonable").

### B.    Each of Plaintiff's Causes of Action Fail Because "Odor Free" Is Nonactionable Puffery.

Because each of Plaintiff's causes of action is premised upon nonactionable puffery, the Complaint should be dismissed. Statements that are not quantifiable or measurable—like "odor free"—are non-

actionable puffery. To be sure, Plaintiff makes no allegation that the alleged odor he experienced after his dog chewed the Product is in any way quantifiable or measurable. Thus, the Product's "odor free" statement cannot be the basis of any misrepresentation claim. *See Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005) ("Generalized, vague, and unspecified assertions constitute 'mere puffery'").

*Buetow v. A.L.S. Enterprises, Inc.*, is both analogous and persuasive. There, the plaintiffs alleged that the defendants "misrepresented that their clothing eliminates 100% of human odors [because it] is capable of being reactivated or regenerated in a household clothes dryer after the clothing has become saturated with odors." 564 F. Supp. 2d 1038, 1040 (D. Minn. 2008). The district court granted the plaintiffs' motion for a permanent injunction, and the defendants appealed. The Eighth Circuit reversed. 650 F.3d 1178, 1187 (8th Cir. 2011). In its opinion, the court found the at-issue representations were "nonactionable 'puffery,' such as claims that the garments work on '100% of your scent 100% of the time,' render the wearer 'completely scent-free,' or 'create an impervious shield to odor.'" *Id*. Following remand, the district court noted "the Eighth Circuit's opinion in this case strongly suggested … that the advertisements challenged by [p]laintiffs involved nothing more than 'nonactionable puffery.'" 888 F. Supp. 2d 956, 963 (D. Minn. 2012) (quoting 650 F.3d at 1186 ("We doubt there are many hunters so scientifically unsophisticated as to believe that any product can 'eliminate' every molecule of human odor.")) (granting motion to dismiss).

Therefore, because "odor free" is nonactionable puffery, all of Plaintiff's claims fail. *See, e.g.*, *Favell v. Univ. of S. Cal.*, 2024 WL 751006, at *6 (C.D. Cal. Jan. 23, 2024) ("district courts often dismiss claims under California's consumer protection statutes as puffery at the pleading stage"); *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 895 (C.D. Cal. 2013) (puffery cannot form the basis for an express warranty claim); *Sanders*, 672 F. Supp. 2d at 987 (same); *Hawkins v. Shimano N. Am. Bicycle Inc.*, 729 F. Supp. 3d 989, 1029 (C.D. Cal. 2024) (finding representations are nonactionable puffery and "[p]laintiffs' unjust enrichment claim is premised on the same factual allegations as their other California claims," therefore, "because Plaintiffs UCL, FAL, and CLRA claims fail, their unjust enrichment claim also fails").

**C.    Plaintiff Fails to Allege a Violation of the CLRA, UCL, or FAL Based Upon the "Odor Free" Statement.**

Claims under the CLRA, UCL, and FAL "are subject to the 'reasonable consumer test' [which] requires a probability that a 'significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Souter v. Edgewell Pers. Care Co.*, 542 F. Supp. 3d 1083, 1093 (S.D. Cal. 2021) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). When based on a purported misrepresentation, CLRA, UCL, and FAL claims are also subject to Rule 9(b)'s heightened pleading standard. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Rule 9(b) applies to California consumer protection claims based on alleged misrepresentations); *Brown v. Madison Reed, Inc.*, 2021 WL 3861457, at *9 (N.D. Cal. Aug. 30, 2021) (same). Because Plaintiff does not and cannot satisfy the reasonable consumer standard, his claims under the UCL, FAL, and CLRA must be dismissed.

The Complaint fails to allege a reasonable consumer's expectations and what a reasonable consumer understands the alleged representations to mean when buying the Product. Plaintiff also has not alleged how a reasonable consumer has, or could, perceive the scent of the bully sticks they received in different packages, at different times and circumstances, across the United States. The Complaint alleges only Plaintiff's idiosyncratic experience with the Product and his subjective sensory evaluation of it (i.e., that, after being chewed, he found it to have an odor). But Plaintiff has not alleged that his subjective experience can somehow be extrapolated to that of a reasonable consumer and therefore he cannot plausibly allege a violation of the CLRA, UCL, or FAL. *Collyer v. Catalina Snacks Inc.*, 712 F. Supp. 3d 1276, 1286 (N.D. Cal. 2024) (Martínez-Olguín, J.) (dismissing UCL, FAL, and CLRA claims where plaintiff "fails to plausibly allege that the product labels at issue are likely to deceive reasonable consumers"); *Hirlinger v. WP Co. LLC*, 2024 WL 2941630, at *6 (N.D. Cal. June 10, 2024) (Martínez-Olguín, J.) (granting motion to dismiss where challenged pricing representations were not likely to deceive a reasonable consumer under the UCL, FAL, and CLRA); *see also Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 778 (9th Cir. 2024) ("Dismissal is appropriate when 'the advertisement itself [makes] it impossible for the plaintiff to prove that a reasonable consumer [is] likely to be deceived.'").

Plaintiff's reliance on cherry-picked online reviews taken from an undisclosed website in paragraph 21 and purportedly from Petco.com in paragraph 23 does not salvage his claim.[2] Compl. ¶¶ 21, 23. There is no allegation as to where, when, how, and who captured these purported screenshots or that otherwise establishes the veracity of their contents. There is also no allegation that any of these consumers are real (not bots) and reside in California, let alone in the United States. And, there is no allegation that any of these consumers purchased the variety, Small Dog Bully Sticks, like Plaintiff. Further, the Complaint does not include any reviews from the month, let alone the year, that Plaintiff purchased the Small Dog Bully Sticks: December 2023. *Id.* ¶¶ 4, 21, 23. Plaintiff cannot simply paste unsworn, unverifiable reviews into the Complaint and thereafter conclude that "no reasonable consumer searching for an odor-free alternative for their pet would understand the Product represented as being 'odor-free' to mean that the Product emits a strong odor." Compl. ¶ 24. Pointing to a smattering of supposed reviews does not satisfy Plaintiff's burden to plausibly allege deception to a reasonable consumer.

Plaintiff's CLRA, UCL, and FAL claims should be dismissed for failure to plausibly allege reasonable consumers could be deceived by the "odor free" statement. *See Brown v. Starbucks Corp.*, 2019 WL 996399, at *3 (S.D. Cal. Mar. 1, 2019) (granting motion to dismiss CLRA, UCL, and FAL claims where "complaint fails to plausibly allege that a reasonable consumer would be misled by the Gummies' packaging"); *Husain v. Campbell Soup Co.*, 2024 WL 4011959, at *2 (N.D. Cal. Sept. 2, 2024) (granting motion to dismiss CLRA, UCL, and FAL claims because plaintiff "fail[ed] to plausibly allege that reasonable consumers would be deceived by the [p]roduct's labels").

### D.    Plaintiff Fails to Plausibly Allege Barkworthies's Pre-Sale Knowledge to State CLRA, UCL, and FAL Claims.

Nor has Plaintiff plausibly alleged that Barkworthies had, at the time of Plaintiff's purchase, the requisite knowledge for a violation of the CLRA, UCL, and FAL. *See Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, 2017 WL 86033, at *7 (N.D. Cal. Jan. 10, 2017) ("A plaintiff must sufficiently allege a defendant's knowledge ***at the time of sale*** in order to state a CLRA claim under an affirmative misrepresentation theory") (emphasis added) (collecting cases); *Resnick v. Hyundai Motor Am., Inc.*,

---

[2] To the extent this Court gives the consumer reviews any weight, it should only serve as a preview of the insurmountable individual issues as to whether and how the Product smells to consumers, should this case proceed past the pleadings—which it should not.

2017 U.S. Dist. LEXIS 67525, at *41, *56 (C.D. Cal. Apr. 13, 2017) (holding knowledge must be pled to adequately state a claim based upon a misrepresentation under the CLRA, UCL, and FAL). While knowledge may be "alleged generally," *see* Fed. R. Civ. P. 9(b), "allegations of the defendant's knowledge cannot be conclusory or speculative." *Stewart v. Electrolux Home Prods.*, 2018 WL 1784273, at *8–9 (E.D. Cal. Apr. 13, 2018).

Here, Plaintiff alleges in a single sentence that "Defendant knew, or should have known, its advertisements were untrue and misleading in violation of California law." *See* Compl. ¶ 64. First, it is not clear what knowledge Barkworthies should have had, given that Plaintiff does not allege the Product had an odor at any time before his dog chewed it. Nevertheless, Plaintiff's barebones allegation says nothing of **pre-sale** knowledge. While Plaintiff generally contends that "Defendant is in the best and exclusive position to know the true production and manufacture of the Product," *id*. at 25, this does not alleviate his burden to plausibly allege Barkworthies's knowledge at the time of Plaintiff's purchase. Plaintiff alleges no *facts* as to how or why Barkworthies's knowledge of its own manufacturing process or the distribution and marketing of the Product would give to Barkworthies's knowledge that a reasonable consumer would perceive that the Product had an odor (particularly, where Plaintiff himself does not even allege the Product had an odor before it was chewed).

While knowledge can be alleged generally, alleging it in only a conclusory "should have known" fashion—like Plaintiff does here—is insufficient to state a claim. *See Stewart*, 2018 WL 1784273, at *8–9 (rejecting allegations that defendant had knowledge through consumer complaints on various websites and "conclusory allegations that [defendant] must have internal quality control procedures or after-market testing"); *Leslie v. GM LLC*, 2024 WL 4190072, at *15 (E.D. Cal. Sep. 12, 2024) (dismissing UCL claim where "[p]laintiff alleges [d]efendant knew or should have known of the unlawful conduct, but there are no factual allegations to show how [d]efendant would have been placed on notice that any statements were false or misleading").

### E.    Plaintiff Fails to State a UCL Claim Based on Purportedly Unfair or Unlawful Conduct.

In addition to his claims of alleged deception, Plaintiff also attempts to state a UCL claim based on "unlawful" and "unfair" practices. *See* Compl. ¶ 78. But these theories are premised on the same theory

9

1    as his claim for deception and are equally meritless. An act is "unfair" under the UCL if it "is 'immoral,

2    unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Nazemi v. Specialized Loan*

3    *Servicing, LLC*, 637 F. Supp. 3d 856, 864 (C.D. Cal. 2022) (quoting *Doe v. CVS Pharmacy, Inc.*, 982 F.3d

4    1204, 1214–15 (9th Cir. 2020)). To state a claim under the "unlawful" prong of the UCL, "Plaintiff must

5    plead a violation of another statute or common law." *Id*. at 865. Plaintiff fails on both.

6         Starting with the UCL's "unfair" prong, Plaintiff makes no plausible allegations that Barkworthies

7    knew (at any time) of the alleged smell, *see supra* Section IV.D., and therefore it is implausible that

8    Barkworthies could have engaged in immoral, unethical, or unscrupulous conduct. *See Coleman-Anacleto*,

9    2017 WL 86033, at *11 (dismissing UCL claim where there were no allegations showing that defendant

10   knew its representations were false when made and thus there could be no plausible allegation that

11   defendant's unknowing distribution of the product was "immoral, unethical, oppressive, or

12   unscrupulous").

13        Turning to the UCL's "unlawful" prong, Plaintiff's claim is premised upon alleged violations of

14   the CLRA and FAL. Compl. ¶ 47. But because, as discussed in this Motion, those claims fail because

15   Plaintiff has not plausibly established a predicate violation of law by Barkworthies and his claim under

16   the "unlawful" prong of the UCL must be dismissed. *See, e.g., Fraser v. Team Health Holdings, Inc.*, 2022

17   WL 971579, at *14 (N.D. Cal. Mar. 31, 2022) ("Because [p]laintiffs' CLRA claim fails, there is

18   no predicate violation supporting [p]laintiffs' unlawful [UCL] claim, and it fails too."); *Eidmann v.*

19   *Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021).

20        **F.    Plaintiff Fails to State a Claim Based on an Alleged Omission.**

21        To begin, an omission claim cannot be brought under the FAL. *See Dana v. Hershey Co.*, 180 F.

22   Supp. 3d 652, 668 (N.D. Cal. 2016), *aff'd*, 730 F. App'x 460 (9th Cir. 2018) ("The plain language of the

23   [FAL] … does not encompass omissions") (collecting cases). The Court should thus dismiss Plaintiff's

24   FAL claim to the extent it is purportedly based on an omission theory. Compl. ¶ 65 (alleging "non-

25   disclosures … constitute false and misleading advertising" under FAL).

26        To the extent Plaintiff's CLRA and UCL claims are premised on omissions, those claims must also

27   be dismissed. *See id*. ¶¶ 25, 30, 48, 50, 52, 53. To state a CLRA and UCL omission claim, Plaintiff must

28   allege an omission "contrary to a representation actually made by the defendant, or an omission of a fact

the defendant was obliged to disclose." *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1112 (N.D. Cal. 2016); *see id.* at 1119. Plaintiff fails on both accounts because he does not articulate what disclosure was omitted from the Product's packaging and fails to make any allegation that Barkworthies owed Plaintiff (or any consumer) a duty to disclose. Generic references to a "nondisclosure" or "omission"— like Plaintiff makes here—are woefully inadequate to state an omission-based violation of the CLRA or UCL. *See Dana*, 180 F. Supp. 3d at 668, *aff'd*, 730 F. App'x 460 (9th Cir. 2018). And because Plaintiff fails to even allege what information was allegedly omitted, he necessarily fails to allege that he relied on the omission, or that it caused him any injury. Plaintiff's CLRA and UCL omission-based claims must be dismissed. *See Kouball v. SeaWorld Parks & Ent., Inc.*, 2020 WL 5408918, at *4 (S.D. Cal. Sept. 9, 2020), *aff'd*, 2021 WL 4947877 (9th Cir. Oct. 25, 2021); *Eidmann*, 522 F. Supp. 3d at 647.

### G.  Plaintiff's Express Warranty Claim Fails.

Even if the "odor free" statement could constitute a warranty (it cannot as it is mere puffery), Plaintiff has not plausibly alleged a breach of that warranty. The packaging does not promise that the bully stick is odor free **when chewed**. But as discussed above, that is all Plaintiff alleges. *See* Compl. ¶ 76; *id.* ¶ 4 ("the Product would produce a strong and offensive odor **when his dog chewed on it**") (emphases added). There is no allegation that Plaintiff experienced any smell when removing the bully sticks from the packaging or at any time prior to use by his dog. As a result, Plaintiff has failed to state a plausible breach of express warranty, and Count IV should be dismissed. *See Sanders*, 672 F. Supp. 2d at 988; *McConnon*, 2024 WL 3941340, at *4 (dismissing breach of express warranty claim that "rests on the same alleged misrepresentation" and "therefore suffers from the same flaws afflicting the consumer claims"); *Murray*, 2014 WL 3849911, at *12 (similar).

### H.  Plaintiff's Unjust Enrichment Claim Fails.

Under California law, an action for unjust enrichment, which is a claim in quasi contract, "does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996); *see Resnick*, 2017 U.S. Dist. LEXIS 67525, at *68–69 (a quasi-contract action "cannot lie where a valid express contract covering the same subject matter exists between the parties."). Here, Plaintiff alleges that "Plaintiff and Nationwide Class Members formed a contract with [Barkworthies]," therefore, any allegation that Barkworthies was

purportedly "unjustly enriched in retaining the revenues derived from Plaintiff and members of the Nationwide Class's purchases of the Product," is covered by Plaintiff's breach of express warranty claim. Compl. ¶¶ 71, 83. *Kouball*, 2020 WL 5408918, at *7 (where "plaintiff maintains there is a valid, enforceable contract … [the] request for recovery under unjust enrichment [is] dismissed").

Further, Plaintiff "'does not identify any independent theory of unjust enrichment' that does not rise or fall with her statutory claims," and because these claims fail, so too, does the unjust enrichment claim. *Gudgel*, 514 F. Supp. 3d at 1188; *see also Lee v. Nature's Path Food, Inc.*, 2023 WL 7434963, at *6 (S.D. Cal. Nov. 9, 2023) (where "unjust enrichment is based on Plaintiff's other claims… because the Court has dismissed those other claims with prejudice, Plaintiff's claim for unjust enrichment fails") (collecting cases). The unjust enrichment claim must be dismissed.

## I.     Plaintiff Cannot Pursue Injunctive and Equitable Relief.

Given the fact that Plaintiff does not allege the Product has any odor prior to use by his dog, Plaintiff has not, and cannot, explain why injunctive relief is needed or how it could address his alleged grievance with the Product. Nevertheless, Plaintiff is not entitled to the injunctive and equitable relief he seeks for two reasons. *See* Compl. at 18; *id.* ¶ 67.

First, he fails to allege facts showing that damages are an inadequate remedy. *See Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("equitable relief is not appropriate where an adequate remedy exists at law."). Indeed, Plaintiff's request for monetary damages under the CLRA—based on the same factual predicates underlying his other claims—is proof that he has an adequate remedy at law. *See* Compl. ¶ 43; *In re Ford Tailgate Litig.*, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014) (where an equitable claim is based on the "same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action"); *Loo v. Toyota Motor Sales, USA, Inc.*, 2019 WL 7753448, at *13 (C.D. Cal. Dec. 20, 2019) (same). In such circumstances, courts regularly dismiss FAL and UCL claims—which allow only for equitable relief— and requests for equitable relief under the CLRA. *E.g.*, *Nacarino v. KSF Acquisition Corp.*, 642 F. Supp. 3d 1074, 1083 (N.D. Cal. 2022) (due to adequate legal remedies, dismissing FAL and UCL claims and finding "only the CLRA claim, under which [plaintiff] seeks damages as well as equitable relief, potentially remains"); *see also Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)

(affirming dismissal of claim for restitution under UCL and CLRA because plaintiff did not lack adequate remedy at law); *Loo*, 2019 WL 7753448, at *13 (dismissing equitable UCL claims without leave to amend); *Scheibe v. Livwell Prods., LLC*, 2023 WL 6812550, at *3 (S.D. Cal. Oct. 16, 2023) ("district courts have not limited *Sonner* to restitution," but have applied the decision to "all forms of equitable relief, including injunctive relief"). This Court should not depart from this authority.[3]

Second, Plaintiff has not pled an ongoing harm sufficient to obtain injunctive relief. While Plaintiff alleges he "remains interested in purchasing bully sticks from [Barkworthies]," the Complaint does not adequately explain why he will be deceived in the future by statements on Barkworthies's packaging given that he does not allege the Product itself has an odor and is now aware of the alleged post-chew odor from the bully sticks. Put simply, Plaintiff's awareness of the alleged deception means that he will not be "wronged in a similar way" in the future. *Broomfield v. Craft Brew All., Inc*., 2017 WL 3838453, at *12 (N.D. Cal. Nov. 27, 2017); *see Cordes v. Boulder Brands USA, Inc*., 2018 U.S. Dist. LEXIS 217534, at *12–13 (C.D. Cal. Oct. 17, 2018) (finding no standing for injunctive relief because plaintiff did not adequately explain why he would be deceived again in the future); *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 458 (S.D. Cal. 2014) ("[C]onsumers will not benefit from the injunctive relief as they cannot demonstrate a probability of future injury; if they know the 'truth' they cannot be further deceived.").

**J.    Plaintiff Pleads No Basis for Punitive Damages.**

In the case of a corporate defendant—like Barkworthies—Plaintiff must "plead that an officer, director, or managing agent of [d]efendant[] committed an act of oppression, fraud, or malice." *See In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1148 (N.D. Cal. 2018). Here, Plaintiff pleads no basis for punitive damages and simply lists it among the types of relief sought in his Complaint. *See* Compl. at 18; *id.* ¶ 43. Punitive damages are unavailable here because there is not a single allegation of oppression, fraud, or malice by any Barkworthies officer, director, or agent, as required under California law. Cal. Civ. Code § 3294; *Petkevicius v. NBTY, Inc.*, 2017 WL 1113295, at *10–11 (S.D. Cal. Mar. 24, 2017) (rejecting punitive damages sought under CLRA where only pled in prayer for relief

---

[3] Although this Court has previously been "persuaded by decisions in this district which allow the pursuit of alternative remedies at the pleadings stage," in spite *Sonner*, *see Collyer*, 712 F. Supp. 3d at 1289, here, Plaintiff's failure to allege *why* equitable or injunctive relief is necessary warrants a different result.

because plaintiff must plead oppression, fraud, or malice). Thus, even if any of Plaintiff's claims otherwise survive this Motion (they should not), the Court should dismiss Plaintiff's request for punitive damages.

### K.    Plaintiff Lacks Standing to Bring Claims Based on Products He Did Not Buy.

Plaintiff challenges language on five variations of Barkworthies products (each sold in three different lengths) and an undisclosed number of yet-unknown additional products despite only purchasing Small Dog Bully Sticks. Compl. ¶¶ 1 n.1, 4, 14. But to establish statutory standing under the UCL, FAL, and CLRA, a plaintiff must allege that he or she suffered an 'injury in fact' and 'has lost money or property' as a result of a defendant's alleged conduct." *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 n.4 (C.D. Cal. 2021) (citing Cal. Bus. & Prof. Code §§ 17204, 17535; Cal. Civ. Code § 1780(a)); *Oh v. Fresh Bellies, Inc.*, 2024 WL 4500727, at *5 (C.D. Cal. Oct. 15, 2024); *Lozano v. Bowmar Nutrition LLC*, 2021 WL 4459660, at *2 (C.D. Cal. Aug. 19, 2021). Plaintiff cannot make such a showing here.

Indeed, "Plaintiff has not shown that another's purchase of a different variation of the Product, although similar, is 'an invasion of [his own] legally protected interest.' The similarity of a product, by itself, does not explain how Plaintiff suffered an injury traceable to the allegedly wrongful conduct of another." *Oh*, 2024 WL 4500727, at *4–5; *Lorentzen*, 532 F. Supp. 3d at 908–09 (similar). This holds true even where "the alleged misrepresentation [] is identical on each product," as Plaintiff alleges here (Compl. ¶¶ 14-15). *McCracken v. KSF Acquisition Corp.*, 2022 WL 18932849, at *2 (C.D. Cal. Dec. 15, 2022) ("Plaintiff has not been injured by false advertising on products [he] did not purchase. Whether those unpurchased products contained identical, similar, or dissimilar representations does not alter the fact that they caused Plaintiff no harm."). This is because

> a party who purchases product 'A' is not injured by the false advertising of product 'B'— no matter how similar the two products or their advertisement—unless that party purchases both products. A court is not at liberty to enlarge the statutory scope of standing to allow the party to sue for another's injury caused by product 'B' because of product or advertising similarity.

*Zakikhan v. Hyundai Motor Co.*, 2021 WL 4805454, at *6 (C.D. Cal. June 28, 2021).

Plaintiff also fails the "substantial similarity" test to establish standing for unpurchased products.[4] His boilerplate recitation that each product is "substantially similar" to the sole product he purchased is insufficient. Compl.¶¶ 1, 16, 26, 27, 71; *see Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1142 (N.D. Cal. 2013) ("Plaintiffs' boilerplate claims" "have failed to allege substantial similarity among the Purchased Products and the Non–Purchased Products" and "the Non–Purchased Products are therefore dismissed … with prejudice[.]"). Plaintiff has not pled whether each of the products upon which he bases his claims are "composed of similar amounts of [an ingredient] in similar configurations." *Valentine v. Crocs, Inc.*, 2023 WL 12015530, at *8 (N.D. Cal. Apr. 28, 2023). Rather, Plaintiff alleges that "[t]he odor a bully stick emits is dependent on its production. … The longer that they are dried, the less odor they have." Compl. ¶ 13. But Plaintiff has pled no facts regarding the production of *any* of Barkworthies's products—the ones he purchased and the ones he did not. Thus, even if the "odor free" statement appears on each product, Plaintiff has not plausibly pled "substantial similarities" between the Product he purchased and all products sufficient to confer standing. *See Wilson*, 961 F. Supp. 2d at 1141 (alleging the products "are made by the same manufacturer and … contain the same ingredients and implicate the same concerns" is insufficient). Consequently, to the extent Plaintiff's claims are premised upon products other than the Product he purchased, his claims must be dismissed. *See, e.g., Oh*, 2024 WL 4500727, at *5; *Lorentzen*, 532 F. Supp. 3d at 909.

## L.    Plaintiff's Class Allegations Should Be Stricken.

Plaintiff's common law express warranty and unjust enrichment claims on behalf of a putative nationwide class of consumers should be stricken on two separate grounds. First, Plaintiff lacks standing to assert claims under the laws of states other than California. Second, the application of the laws of fifty states renders adjudication on a class basis patently unmanageable. In addition, both the nationwide and California subclass allegations should be stricken due to the prevalent individualized issues made apparent

---

[4] While this Court has previously found a plaintiff has "standing to assert claims related to [] two cereal varieties she did not purchase because they are substantially similar to the ones she did purchase," *see Collyer*, 712 F. Supp. 3d at 1283, the facts here are distinguishable. There, the products were "differentiated merely by their color," were "nearly identical in their ingredient lists, and "both the products and the legal claims and injury are similar." *Id.* Here, however, Plaintiff admits the differences across Barkworthies's products by alleging that odor (if any) is dependent on production methods and that those production methods vary across products. *See id.* ¶ 13.

on the face of the Complaint.

To begin, it is well-settled that a named plaintiff in a class action lawsuit "must provide at least a *prima facie* showing that the other states' laws apply such that the plaintiff would have standing to bring the claim." *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1038 (S.D. Cal. 2020). Where plaintiffs have failed to make such a showing, "[c]ourts in the Ninth Circuit have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 908 (N.D. Cal. 2019) (collecting cases).

Plaintiff alleges that at all relevant times, he "resid[ed] in Petaluma, California" and "[i]n December 2023, he purchased the Barkworthies Odor Free Small Dog Bully Sticks from a Petco store in Petaluma, California." Compl. ¶ 4. On these facts, "Plaintiff does not provide a *prima facie* showing that [he] has standing to proceed under the laws of states other than California" because he has not shown an injury occurred outside of the state. *Lozano*, 2021 WL 4459660, at *2; *see Davis v. The Kroger Co.*, 2023 WL 9511156, at *13 (C.D. Cal. Sept. 22, 2023) ("the named [p]laintiffs lack standing to bring claims under the laws of the ten jurisdictions invoked by the FAC where they do not reside and have alleged no injury."). Therefore, to the extent Counts IV and V are premised on the laws of states other than California, they must be dismissed, and the allegations on behalf of a nationwide class should be stricken.

Second, even at the pleading stage, a district court is "required to consider differences in state law when discerning whether a class action is the appropriate vehicle for this suit." *Elson v. Black*, 56 F.4th 1002, 1006 (5th Cir. 2023). Here, by virtue of proceeding on behalf of a putative nationwide class, the laws of all fifty states are implicated in Plaintiff's express warranty and unjust enrichment causes of action. Here, the significant variations among each state's laws is a bar to certification. *Id*. at 1007 (no abuse of discretion in striking class allegations where variations in state law "swamp any common issues and defeat predominance"). With respect to unjust enrichment, "the elements necessary to establish a claim" "vary materially from state to state." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012) (*overruled on other grounds*). For example, some states require a direct benefit to be bestowed on the defendant such that the plaintiff cannot state an unjust enrichment claim if the product was not purchased directly from the manufacturer. *See, e.g.*, *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1102 (11th Cir.

2021); *Young v. Carrier Corp.*, 2014 WL 6617650, at *7 (N.D. Ohio Nov. 21, 2014); *Dixie Fuel Co. v. Straight Creek, LLC*, 2011 WL 845828, at *5 (E.D. Ky. Mar. 8, 2011); *Davis v. Universal Composition Servs., LLC*, 2016 WL 9223871, at *1 (E.D. Va. June 10, 2016). Likewise, there are material differences in state law regarding the privity, notice, and reliance requirements to state an express warranty claim. *Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, at *10 (N.D. Cal. June 2, 2021). These unavoidable state-by-state variations and the difficulties inherent in instructing a jury on application of each state's laws render adjudication on a class basis unmanageable, and thus certification impossible. For this reason, the court in *Phan* granted a motion to strike nationwide warranty and unjust enrichment claims. 2021 WL 2224260, at *7-10 (collecting cases where "courts have reached this conclusion on an unjust enrichment claim even prior to formal class certification proceedings" and cases finding "a predominance/ manageability problem" for express warranty).

Finally, this Court should strike all class allegations, brought both nationwide and on behalf of the California subclass, due to the apparent individualized issues pled on the face of the Complaint. It goes without saying that an individual's perception of scent (or lack thereof) is subjective. Plaintiff concedes the Product's odor (to the extent there is an odor at all) is dependent upon production methods:

> The **odor** a bully stick emits **is dependent on its production**. 'Hanging the bully sticks vertically removes most of the moisture from the product. The **longer that they are dried**, **the less odor** they have .... The **difference in how they are made** is that the odor-free bully sticks are dried longer, lessening the moisture in them.'

*Id*. ¶ 13 (emphases added). In other words, depending on a given production run's dry time and the way the bully sticks are dried, consumers could experience varying degrees of odor, if any odor at all. Further, adjudication of Plaintiff's claims would necessitate an individual-by-individual inquiry into subjective senses of odor. No amount of factual discovery can overcome this hurdle. Therefore, determining whether the "odor free" statement was false or deceptive to members of Plaintiff's proposed classes would require a plaintiff-by-plaintiff olfactory examination and depend on "the subjective experiences of [] purchasers" as opposed to the "objective conduct" of a manufacturer, dooming certification. *Nilon v. Nat. Immunogenics Corp.*, 2013 WL 5462288, at *3 (S.D. Cal. Sept. 30, 2013).

Where, like here, the face of a Complaint demonstrates that a class action cannot be maintained, the Court may grant a motion to strike class allegations. *Gen. Tel. Co. Of Sw. v. Falcon,* 457 U.S. 147,

17

160 (1982) ("[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim."); *Sanders*, 672 F. Supp. 2d at 991.

## VI.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Class Action Complaint or, in the alternative, strike Plaintiff's class action allegations.

Dated: March 13, 2025                    WINSTON & STRAWN LLP


By:___/s/ *Ronald Y. Rothstein*
Ronald Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone:    +1 312-558-5600

Jared Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone:    +1 305-910-0500

Shui Sum Lau (SBN: 345456)
SSLau@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone: +1 213-615-1700

*Attorneys for Defendant*
*TDBBS, LLC d/b/a BARKWORTHIES*