Ronald Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: +1 312-558-5600

Jared Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone: +1 305-910-0500

Shawn Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, California 90071
Telephone: (213) 615-1763

*Attorneys for Defendant*
*TDBBS, LLC d/b/a BARKWORTHIES*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TDBBS, LLC d/b/a BARKWORTHIES,<br><br>Defendant. | Case No. 3:25-cv-00299-AMO<br><br>Hon. Araceli Martínez-Olguín<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS THE CLASS ACTION COMPLAINT**<br><br>Hearing Date: Thursday, June 26, 2025<br>Time: 2:00 p.m.<br>Courtroom: 10<br>Complaint filed: January 8, 2025 |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, June 26, 2025, at 2:00 p.m., or as soon thereafter as this matter can be heard, in the Courtroom of the Honorable Araceli Martínez-Olguín (19th Floor, Courtroom 10) of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant TDBBS, LLC d/b/a Barkworthies ("Barkworthies") will and hereby does move to stay discovery pending resolution of its Motion to Dismiss Plaintiff's Class Action Complaint and Strike Nationwide Class Allegations (the "Motion to Dismiss"). [Dkt. 16].

This Motion is made on the grounds that Plaintiff seeks broad merits-based discovery against Barkworthies before this Court rules upon (1) whether Plaintiff has stated claims against Barkworthies upon which relief could be granted, (2) whether Plaintiff has standing to pursue claims based upon Products he did not purchase, and (3) whether Plaintiff can proceed with his nationwide class and California subclass allegations.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and all pleadings, papers, and documents on file herein, and any other written or oral submissions that may be presented at or before the hearing on this Motion.

Barkworthies respectfully requests that the Court grant this Motion and stay discovery until such time that the Court rules upon its Motion to Dismiss.

Dated: May 14, 2025          WINSTON & STRAWN LLP

By: */s/ Ronald Y. Rothstein*
    Ronald Rothstein (*pro hac vice*)
    Jared Kessler (*pro hac vice*)
    Shawn Obi (SBN: 288088)

*Attorneys for Defendant*
*TDBBS, LLC d/b/a BARKWORTHIES*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Barkworthies's Motion to Dismiss—based on Plaintiff's insurmountable pleading deficiencies—is potentially dispositive of this entire case and can be decided without the need for any discovery. In similar circumstances, California courts routinely enter discovery stays while parties await a ruling on a pending motion to dismiss. This case should be no different.

Plaintiff Leonardo Garcia alleges that the "odor free" statement on the label of Barkworthies's Odor Free Bully Sticks (the "Product") is misleading because the "Product produce[d] a strong and offensive odor *when his dog chewed on it*." Compl. ¶ 4 (emphasis added). Plaintiff does not claim the Product itself had an odor or that it gave off a smell any time before his dog chewed it. Nor does he contend that Barkworthies made any representation about the potential for post-chew odor. Nevertheless, based on no more than his own sense of smell and seeming dissatisfaction with his purchase, Plaintiff attempts to state causes of action for: (1) a violation of California's Consumer Legal Remedies Act ("CLRA"); (2) a violation of California's Unfair Competition Law ("UCL"); (3) a violation of California's False Advertising Law ("FAL"); (4) a breach of express warranty; and (5) unjust enrichment. *See* Compl. Counts 1-5. Because, among other things, Plaintiff's claims lack any factual basis and are each premise upon nonactionable puffery, Barkworthies filed its Motion to Dismiss.

This Court has the discretion, when good cause is shown, to issue a stay of discovery pending a ruling on the Motion to Dismiss. Fed. R. Civ. P. 26(c). Here, good cause exists; a discovery stay would protect Barkworthies from the unnecessary burden and expense of discovery where the scope of Plaintiff's claims—and at an even more basic level, whether Plaintiff is entitled to proceed on any of his claims—is entirely dependent on the pending Motion to Dismiss. Resolving the Motion to Dismiss before proceeding with discovery promotes fairness, efficiency, and judicial economy by ensuring that the Parties and the Court avoid unnecessary expenditures of time and resources on discovery issues that may be rendered moot. Barkworthies thus requests that the Court stay discovery until the Motion to Dismiss is decided.

### II.  LEGAL STANDARD

"[A] district court has wide discretion in controlling discovery. Such rulings will not be overturned unless there is a clear abuse of discretion" and where a "stay furthers the goal of efficiency for the court

and litigants," there is no abuse of discretion. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Perryman v. Litton Loan Servicing, LP*, 2016 WL 1258584, at *1 (N.D. Cal. Mar. 30, 2016) (similar). "The burden is on the movant to show that a stay is appropriate." *Perryman*, 2016 WL 1258584, at *1.

Courts in this district apply "a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. The district court must determine: (1) whether a pending motion is *potentially* dispositive of the case, or at least the issue as to which a stay of discovery is requested; and (2) whether the pending motion can be decided without additional discovery. If the district court answers both questions in the affirmative, it may stay discovery. If either prong is not established, discovery will proceed." *Webb v. Rejoice Delivers LLC*, 2025 WL 722440, at *1 (N.D. Cal. Mar. 6, 2025) (emphasis added); *see e.g.*, *Affinity Credit Union v. Apple Inc.*, 2023 WL 12065782, at *1 (N.D. Cal. Apr. 14, 2023) (applying same test); *Hall v. Tilton*, 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010) (applying same test).

### III. ARGUMENT

#### A. Barkworthies's Motion to Dismiss is Potentially Dispositive of the Case

In deciding this Motion to Stay, the Court need only take a "preliminary review" or "peek" at the arguments raised in the Motion to Dismiss and determine that it is "potentially" dispositive. *Webb*, 2025 WL 722440, at *2 ("the court finds that the pending motion is potentially dispositive of the case as a whole, or at least the class claims … and after taking a 'preliminary peek' at the motion the Court concludes that the Amazon Defendants may prevail on that argument."); *Affinity Credit Union*, 2023 WL 12065782, at *2 ("The Court expresses no opinion on the merits of the motion to dismiss. However, after a preliminary review, the Court finds Apple's motion is potentially dispositive of the entire case and concludes that Apple has satisfied the first prong of the test."). Further, "the fact that Plaintiff could possibly remedy any deficient allegations with leave to amend is not germane to the question before the Court on a motion to stay discovery: whether Defendants' motion is *potentially* dispositive of the entire case." *Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022); *see Tradin*

*Organics USA LLC v. Terra Nostra Organics, LLC*, 2023 WL 8481814, at *3 (Martínez-Olguín, J.) (citing same). Here Barkworthies's Motion to Dismiss raises arguments against each of Plaintiff's causes of action and is thus potentially case dispositive. *See* Motion to Dismiss; *see also Affinity Credit Union*, 2023 WL 12065782, at *2. Thus, this requirement is easily satisfied.

Plaintiff alleges Barkworthies's Product's "odor free" representation is misleading because the Product allegedly emitted an odor ***after his dog chewed on it***. *See* Compl. ¶ 4. Plaintiff does not allege the Product had an odor before his dog chewed it, nor does he allege Barkworthies makes any representation that the Product will remain forever odor-free, even after being chewed on by a dog. *See generally*, Compl. Nevertheless, based on the alleged odor of the Product after being chewed on by his dog, Plaintiff brings claims under California's consumer protection statutes (UCL, FAL, and CLRA) and claims for breach of express warranty and unjust enrichment claim. *See* Compl. Counts 1-5.

Barkworthies raises in its Motion to Dismiss two threshold issues that, when resolved, could dispose of this case entirely. First, each of Plaintiff's claims fail to state an actionable claim because, as noted above, he does not allege the Product itself had an odor. *See* Mot. at 4-5. Indeed, nowhere does Plaintiff allege that the bully stick had any scent when it was removed from the package. Rather, Plaintiff alleges it is only when his dog ***chewed*** on the Product that it emitted an odor. Compl. ¶¶ 2, 4, 25(b), 39, 53, 62, 83. Thus, Plaintiff only takes issue with the Product ***after*** his dog used it. Plaintiff's uniquely personal experience (which amounts to nothing more than sheer dissatisfaction with the Product), is insufficient to state a plausible claim for relief under any of his causes of action because it is not tied to the plain language of the Product's label. *See* Mot. at 4-5. Second, Barkworthies argues for complete dismissal on the grounds that the "odor free" statement is nonactionable puffery. *See id*. at 4-6. Because odor is subjective and unable to be quantified, described, or measured in an objective means, it is mere puffery. *Id*. Puffery cannot form the basis of Plaintiff's misrepresentation claims, nor can it form an express warranty, and the unjust enrichment claim is premised on the same factual allegations as the other counts and fails for the same reasons. *Id*. at 6 (collecting cases).

Barkworthies raises several additional arguments for dismissal of each cause of action that together may resolve this entire case or at a minimum significantly narrow the claims and thus the necessary discovery. These additional arguments include: Plaintiff's failure to plausibly allege Barkworthies had

3

pre-sale knowledge that the Products emitted an odor, requiring dismissal under the CLRA, UCL, and FAL; Plaintiff's failure to allege that Barkworthies engaged in any "unlawful" or "unfair" practices under the UCL; Plaintiff's failure to identify or articulate any purported omission from the Product packaging under the CLRA and UCL; Plaintiff's failure to plausibly allege that any express warranty was breached; Plaintiff's failure to identify any independent theory of unjust enrichment that is separate from his statutory claims; that injunctive and equitable relief are unavailable because Plaintiff fails to allege that damages are an inadequate remedy and point to any ongoing harm; and Plaintiff lacks standing to bring claims based on Products he did not purchase because he could not have suffered an injury traceable to those products and failed to allege the similarity of such Products to the one he purchased. *Id.* at 8-15.

In sum, there can be no question that Barkworthies's Motion to Dismiss has the potential to be dispositive of the entire case. This factor plainly favors a discovery stay. *See, e.g.*, *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (granting motion to stay discovery pending the defendant's motion to dismiss where "the motion had the potential to be dispositive"); *Suarez v. Beard*, 2016 WL 10674069, at *1 (N.D. Cal. Nov. 21, 2016) (granting motion to stay discovery pending determination on motion to dismiss because "[i]f the motion is granted, this case would be dismissed"); *Heck*, 2022 WL 16579372, at *2 (where "Defendants' arguments are potentially dispositive of the entire case," "Defendants' motion to stay discovery until the pending motion to dismiss is resolved is granted."); *Al Otro Lado, Inc. v. Nielsen*, 2018 WL 679483, at *3 (S.D. Cal. Jan. 31, 2018) (granting motion to dismiss where the defendant's motion to dismiss "pose[d] strong arguments that present a 'clear possibility' the pending Motion might be granted by the District Court").

**B.    The Motion to Dismiss Can Be Decided Without Additional Discovery**

No discovery is needed for the Court to rule on Barkworthies's Motion to Dismiss because it does not interject any material outside of the four corners of the Complaint. Barkworthies's arguments as to the plausibility of Plaintiff's allegations under Rule 12(b)(6) will be assessed by the Court on the face of Plaintiff's pleading, without any discovery needed. Like the first, the second factor in the analysis of whether to stay discovery weighs in favor of a stay. *See e.g., Affinity Credit Union*, 2023 WL 12065782, at *2 ("The Court finds no discovery is needed for resolution of Apple's motion to dismiss and concludes that Apple has met their burden under the second prong of the test."); *Webb*, 2025 WL 722440, at *2 ("The

4

Court finds that the pending motion may be decided without additional discovery. The motion attacks Plaintiff Webb's claims and class allegations on their face under the standards set forth under Federal Rules of Civil Procedure 12(b)(6) and 12(f). No discovery is necessary for the Court to evaluate the motion.").

### C.   Barkworthies Has Met Its Burden

There is good cause to grant a stay of discovery pending a ruling on Barkworthies's Motion to Dismiss. Considering the potentially dispositive nature of the pending Motion to Dismiss, it would be inefficient for the parties, at this time, to negotiate— and potentially burden the Court with motion practice on—discovery-related issues such as ESI protocols, document custodians, protective orders, and other discovery topics when it is uncertain that any of Plaintiff's claims will survive. On May 5, 2025, barely an hour after the Parties' conferral on their Joint Case Management Statement, Plaintiff served interrogatories and Requests for Production on Barkworthies. Plaintiff's requests seek sweeping discovery, including, but not limited to, "all sales to retail consumers for all SKUs of the Product in the United States," retail pricing, average markups, price settings in relation to competitor products, consumer complaints, consumer research, "all testing" concerning the Product's efficacy claims, all communications regarding the Product packaging, marketing strategy, and formulations, recipes, and manufacturing instructions. Considering the overbreadth of Plaintiff's discovery requests and that the requests specifically target Barkworthies's trade secret information, denial of a stay will work an undue hardship on Barkworthies, particularly where it is unclear that any of Plaintiff's claims will proceed beyond the Motion to Dismiss.

In short, allowing any discovery to proceed at this time would likely waste judicial resources, cause the parties to incur unnecessary expense and, consequently, be unduly burdensome. When faced with similarly burdensome circumstances, this Court has granted a motion to stay discovery pending a motion to dismiss. *See Tradin Organics USA LLC v. Terra Nostra Organics, LLC*, 2023 WL 8481814, at *3 (Martínez-Olguín, J.) ("The Court finds in its discretion that both party and judicial resources will be most efficiently used if discovery is stayed until the Court decides the pending motion to dismiss."). Other district courts agree. *See Hall*, 2010 WL 539679, at *2 (granting motion to stay where "here is no dispute that, should the motion [to dismiss] be granted, any discovery request would be moot."); *Webb*, 2025 WL

722440, at *2 ("the stay would aid judicial efficiency and conserve the parties' resources. If Plaintiff Webb's claims and/or class allegations may be dismissed with prejudice, there would be no point in requiring Defendants to respond to discovery.").

Moreover, Plaintiff will not be prejudiced by a stay of discovery pending a ruling on the Motion to Dismiss. The Court has not yet entered a scheduling order and there is thus no present fact discovery deadline. *See Heck*, 2022 WL 16579372, at *2 ("Plaintiff would not be prejudiced by a stay of discovery pending a ruling on Defendants' motion to dismiss. The Court has not yet entered a scheduling order and has continued the case management conference pending resolution of the motion to dismiss."); *Cellwitch, Inc.*, 2019 WL 5394848, at *2 ("Cellwitch does not demonstrate that it will suffer harm if the Court stays discovery briefly until after the Court rules on [the] motion to dismiss [considering]the interest of judicial efficiency and conserving the Court's resources"). Should this case survive beyond the motion-to-dismiss stage (and it should not), the parties can commence discovery with a defined scope of the case.

### IV. CONCLUSION

For the foregoing reasons, Barkworthies respectfully requests that the Court stay discovery in this case until such time as the Court rules on Barkworthies's Motion to Dismiss the Class Action Complaint.

| | | |
|---|---|---|
| 1 | Dated: May 14, 2025 | WINSTON & STRAWN LLP |

By: /s/ *Ronald Y. Rothstein*
Ronald Rothstein (*pro hac vice*)
RRothste@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone:     +1 312-558-5600

Jared Kessler (*pro hac vice*)
JRKessler@winston.com
WINSTON & STRAWN LLP
200 South Biscayne Boulevard, Suite 2400
Miami, Florida 33131
Telephone:     +1 305-910-0500

Shawn Obi (SBN: 288088)
SObi@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, California 90071
Telephone: (213) 615-1763

*Attorneys for Defendant*
*TDBBS, LLC d/b/a BARKWORTHIES*