UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>TDBBS, LLC,<br><br>    Defendant. | Case No. 25-cv-00299-AMO<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**<br><br>Re: Dkt. No. 28 |

Before the Court is Defendant TDBBS, LLC's ("Barkworthies") motion to stay discovery pending resolution of its motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for June 26, 2025, was VACATED. ECF 30; *see* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** Barkworthies's motion to stay discovery for the following reasons.

I.    **BACKGROUND**

Plaintiff Leonardo Garcia brings five causes of action alleging that Barkworthies falsely advertises several of its "bully sticks" dog chews as odor-free: (1) violation of California's Consumers Legal Remedies Act ("CLRA"); (2) violation of California's Unfair Competition Law ("UCL"); (3) violation of California's False Advertising Law ("FAL"); (4) breach of express warranty; and (5) unjust enrichment. *See* Compl. (ECF 1). On March 13, 2025, Barkworthies filed a motion to dismiss the Complaint for failure to state a claim and lack of standing. *See* ECF 16. After the Court continued the hearing on the motion to dismiss, Barkworthies filed the instant motion to stay discovery pending resolution of the motion to dismiss. ECF 28. Garcia opposes. *See* ECF 29.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(c) permits a court, upon showing of good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, inter alia, forbidding discovery, or by specifying limits on discovery. Fed. R. Civ. Proc. 26(c)(1)(A)-(D). "Good cause for staying discovery may exist when the district court is 'convinced that the plaintiff will be unable to state a claim for relief.' " *In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (quoting *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)). In determining whether to stay discovery pending resolution of dispositive motions, courts in this District consider the following two factors: (1) whether the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed, and (2) whether the pending dispositive motion can be decided absent additional discovery. *Micron Tech., Inc. v. Un. Microelectronics Corp.*, No. 17-cv-06932-JSW, 2018 WL 7288018 at *1 (N.D. Cal. Mar. 16, 2018) (citing *The Pacific Lumber Co. v. Nat'l Un. Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D 349, 352 (N.D. Cal. 2003)). "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Yamasaki v. Zicam LLC*, No. 21-CV-02596-HSG, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021) (citation omitted).

On the first factor of the *Pacific Lumber* test, Barkworthies filed a motion to dismiss, raising arguments regarding failure to state any claim under Rule 12(b)(6) and standing. ECF 16. If the Court grants Barkworthies's motion in its entirety, it will dispose of all claims. Barkworthies argues that "each of Plaintiff's claims fail to state an actionable claim because . . . Plaintiff's uniquely personal experience . . . is insufficient to state a plausible claim for relief under any of his causes of action because it is not tied to the plain language of this Product's label." Mot. at 3; *see also* Mot. Dismiss (ECF 16) at 4. Second, Barkworthies argues a stay is warranted because "Barkworthies argues for complete dismissal on the grounds that the "odor free" statement is nonactionable puffery." *Id.* at 5. Finally, it argues that "Barkworthies raises several additional arguments for dismissal of each cause of action that together may resolve this

2

1 entire case or at a minimum significantly narrow the claims and thus the necessary discovery." *Id.*
2 at 7-15. The Court, having taken a "preliminary peek" at Barkworthies's motion, finds that the
3 motion to dismiss has the potential to be case dispositive. This is sufficient to meet the first factor.

4       Garcia resists this conclusion by arguing that the motion to dismiss fails as improperly
5 raising factual disputes and, if the motion to dismiss is granted, will likely result in amended
6 pleading pursuant to Rule 15. *See* Opp. (ECF 28) at 2-5. However, the inquiries into whether
7 Barkworthies's Motion to Dismiss is ultimately successful and whether Plaintiff may be granted
8 leave to amend do not factor into this District's *Pacific Lumber* factors. *See Leonard v. CVS*
9 *Pharmacy, Inc.*, Case No. 25-cv-6280-EJD, 2025 WL 1266929, at *2 (N.D. Cal. May 1, 2025);
10 *Heck v. Amazon.com, Inc.*, Case No. 22-cv-03986-JSW, 2022 WL 16579372, at *2 (N.D. Cal.
11 Nov. 1, 2022) (rejecting nearly identical argument and explaining, "the fact that Plaintiff could
12 possibly remedy any deficient allegations with leave to amend is not germane to the question
13 before the Court on a motion to stay discovery: whether Defendants' motion is *potentially*
14 dispositive of the entire case.") (quoting *Pac. Lumber Co.*, 220 F.R.D. at 351 (emphasis added)).
15 The Court finds Defendants' motion is potentially dispositive of the entire case and concludes that
16 Defendants have satisfied the first prong of the test.

17       As to the second factor, Garcia "concedes that no further discovery is necessary to decide
18 Defendant's Motion to Dismiss," Opp. at 1 n.1, leaving no basis to reject Barkworthies' motion
19 under the *Pacific Lumber* test.

20       Plaintiff further argues that Defendant fails to identify a particular and specific need to stay
21 discovery. Opp. at 5-7. Garcia fails to cite any authority that a "particular and specific need" to
22 stay discovery is a required showing for a defendant seeking a stay of discovery, and Garcia fails
23 to locate this requirement within the *Pacific Lumber* context. The Court therefore rejects Garcia's
24 argument.

25 //
26 //
27 //
28 //

**III. CONCLUSION**

The Court finds in its discretion that both party and judicial resources will be most efficiently used if discovery is stayed until the Court decides the pending motion to dismiss. Accordingly, the Court **GRANTS** Defendant's motion to stay discovery.

**IT IS SO ORDERED.**

Dated: June 25, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**